Case 4:18-cv-00379 Document 95 Filed on 07/16/20 in TXSD Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
July 16, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KELLY VANDENBERG, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:18-CV-379 |
| § | |
| UNIVERSITY OF SAINT THOMAS; aka § | |
| UNIVERSITY OF ST. THOMAS § | |
| (HOUSTON), § | |
| § | |
| Defendants. § | |

## **ORDER**

Before the Court is Defendant University of St. Thomas's Motion to Compel. Dkt. 85. After reviewing the motion, response, reply, all relevant submissions, and the applicable law, the Court finds that the motion should be **GRANTED IN PART AND DENIED IN PART**.

### I. Background

Plaintiff Kelly Vandenberg asserts that St. Thomas unlawfully terminated and retaliated against her based on her race. St. Thomas moved for summary judgment. Dkt. 30. In response, Vandenberg submitted the affidavit of her former colleague, Pamela Love (née Hodges), who attested that she also experienced racial discrimination by her former employer, St. Thomas. Dkt. 68-5. St. Thomas had previously served discovery requests on Vandenberg for her communications with Love, to which Vandenberg objected. After summary judgment briefing, the parties submitted a joint discovery letter outlining the dispute, and the Court ordered further briefing. Dkt. 79. St. Thomas now

asks the Court to compel Vandenberg to produce "unredacted copies of any documents and communications with Love regarding: (1) Vandenberg's allegations in this lawsuit, (2) Love's declaration, and (3) Love's EEOC charge." Dkt. 85 at 1. The Court ordered Vandenberg to submit the withheld documents for *in camera* review (Dkt. 93), which Vandenberg did (*see* Dkt. 94), and the Court has reviewed the documents.

## II.  Applicable Legal Standards

### a.  Attorney-Client Privilege

Attorney-client privilege protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege. *Fisher v. United States*, 425 U.S. 391, 403 (1976). Only communications made "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding" are privileged. *United States v. Harrelson*, 754 F.2d 1153, 1167 (5th Cir. 1985).

### b.  Work-Product Doctrine

The work product doctrine exists to promote the adversary system by enabling attorneys to prepare cases without fear that their work product will be used against their clients. *Hickman v. Taylor*, 329 U.S. 495, 510–11 (1947). The privilege extends qualified immunity to 1) "documents and tangible things," 2) "prepared in anticipation of litigation or for trial," 3) "by or for another party or by or for that other party's representative." Fed. R. Civ. P. 26(b)(3); *see also United States v. Noble*, 422 U.S. 225, 239 (1975). The work product immunity is "qualified" because material prepared in anticipation of litigation is nonetheless discoverable if the requesting party establishes that it has a

substantial need for information and that it cannot obtain substantially equivalent information from other sources without undue hardship. Fed. R. Civ. P. 26(b)(3).

### III. Analysis

#### a. Vandenberg's communications with Love are not privileged.

Vandenberg asserts that, under the "common legal interest" doctrine, the attorney-client privilege protects her communications with Love.

The Fifth Circuit has held that only "two types of communications" are protected under the common legal interest privilege: "(1) communications between co-defendants in actual litigation and their counsel," and "(2) communications between *potential* co-defendants and their counsel." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001) (emphasis in original). The Fifth Circuit "has not expressly held that the privilege is inapplicable to co-plaintiffs." *BCR Safeguard Holding, L.L.C. v. Morgan Stanley Real Estate Advisor, Inc.*, 614 F. App'x 690, 703 (5th Cir. 2015). However, "[c]ommunications may be protected by the common legal interest privilege only if those communications '*further* a joint or common interest.'" *Id.* (emphasis in original).

Regardless whether the Fifth Circuit recognizes a common legal interest privilege applicable to co-plaintiffs, the Court finds that Vandenberg's text messages with Love are not privileged because they do not further a joint or common interest. Having reviewed the text messages *in camera*, the Court finds that these text messages do not indicate that the parties communicated with each other at the direction of counsel or for a clear litigation-related objective. They appear to be the social conversation of two friends keeping each other updated about life developments, which happened to include their

legal action against St. Thomas. *Cf. United States v. Krug*, 868 F.3d 82, 87 (2d Cir. 2017) ("Ultimately, what is vital to the privilege is that the communication be made in confidence for the purpose of obtaining legal advice from the lawyer." (internal quotations, brackets, and emphases omitted)). The Court finds that the privilege does not extend so far as to encompass such communications between two plaintiffs merely because they are suing the same defendant.

Vandenberg's objections to requests for production that seek these documents are **OVERRULED**. As to these communications, St. Thomas's motion to compel is **GRANTED**.

### b. Emails between Vandenberg's counsel and Love are protected from disclosure.

Vandenberg's counsel exchanged emails with Love concerning (1) prospective legal representation in Love's lawsuit and (2) Love's testimony in this case.

Having reviewed the emails *in camera*, the Court finds that the attorney-client privilege was properly asserted as to the first category of emails because these communications were made to secure legal services or assistance in legal proceedings. *See, e.g.*, *Harrelson*, 754 F.2d at 1167.

The Court also finds that the second category of emails, about Love's testimony, are protected by the work-product doctrine because they contain the "mental impressions, conclusions, opinions or legal theories of an attorney." Fed. R. Civ. P. 26(b)(3).

St. Thomas asserts that even documents protected by the work product doctrine should be produced because St. Thomas has substantial need for the materials and cannot

obtain the materials by other means without undue hardship. St. Thomas argues that substantial need arises because Vandenberg seeks to support her claims by introducing Love's allegations, and that obtaining the documents by other means is unduly difficult because it would require St. Thomas to conduct discovery on two witnesses. The Court finds that St. Thomas has not identified a need for the documents substantial enough to override the work product protection, and that St. Thomas could obtain the discovery sought by other means without hardship burdensome enough to override work product protection. *King v. Odeco Inc.*, 106 F.3d 396 (5th Cir. 1997) (affirming district court decision not to order party to produce photographs because of other readily available sources, including deposition testimony).

Finally, St. Thomas argues that Vandenberg has waived the attorney-client privilege and the work product protection by placing these communications at issue in this lawsuit. The Court finds that Vandenberg has not waived the protection. Vandenberg has put at issue in this case only Love's allegations that St. Thomas discriminated against her. She has not put at issue her counsel's work product or privileged communications with Love regarding those allegations. Of course, the attorney-client "privilege only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney." *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981).

Vandenberg's objections to requests for production that seek these documents are **SUSTAINED**. As to these documents, St. Thomas's motion is **DENIED**.

### IV. Conclusion

For the foregoing reasons, St. Thomas's motion to compel (Dkt. 85) is **GRANTED IN PART AND DENIED IN PART**. The Court finds that sanctions are not warranted and **DENIES** St. Thomas's motion for sanctions.

SIGNED at Houston, Texas, this 16th day of July, 2020.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE